IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE JEREMY CASH, § | |
| § | Misc. No. 3:13-MC-155-D |
| Petitioner. § | |

MEMORANDUM OPINION
AND ORDER

In this miscellaneous matter, petitioner Jeremy Cash ("Cash") applies for a tribal name change and to proceed *in forma pauperis*. The court grants Cash leave to proceed *in forma pauperis*, and it dismisses his petition with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

I

In his petition, Cash requests "a tribal court ordered name change recognized officially" by this court. He appears to seek court recognition that his new name is "Jeremiah El Bey" and that he is a member of the "Aboriginal Cherokee Choctaw" tribe. Because the court has granted Cash leave to proceed *in forma pauperis*, his petition is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for *sua sponte* dismissal if the court concludes that a petition is "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A petition fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

II

Cash's request that he be recognized as a member of the "Aboriginal Cherokee Choctaw" tribe is frivolous. This alleged tribe does not appear to be a recognized Indian tribe and appears, instead, to be related to the "Redemptionist" and/or "sovereign citizen" beliefs that have been

discussed at some length by other federal courts. *See Johnson-Bey v. Lane*, 863 F.2d 1308, 1309 (7th Cir. 1998) (outlining the Moorish movement, which utilizes the suffixes "El" and "Bey" in names to refer to African tribes); *Minister Truth Ali Williams v. New Jersey*, 2012 WL 4959488, at *1-3 (D.N.J. Oct. 17, 2012) (discussing in depth pleadings that refer to Cherokee Choctaw Aboriginal Nation and its relationship with Moorish movement).  Therefore, Cash's request that the court legally recognize him as a member of this "tribe" fails to state a claim upon which relief may be granted.  Furthermore, even if this were a recognized Indian tribe, the Supreme Court has held that Indian tribes have the right to determine their own membership, and federal courts do not have jurisdiction over such determinations because it would interfere with a tribe's autonomy and self-government.  *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59-60 (1978).

Accordingly, Cash's petition is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

January 16, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE